## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 19 2018, 10:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew Bernlohr
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Arthur Jerome Croom,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

April 19, 2018

Court of Appeals Case No.
49A05-1710-CR-2347

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause No.
49G04-1608-MR-32818

**Altice, Judge.**

**Case Summary**

[1] Following a jury trial, Arthur Croom was convicted of reckless homicide, a Level 5 felony, and battery resulting in serious bodily injury to a person less than 14 years of age, a Level 3 felony. Croom was sentenced to an aggregate term of twenty-two years, with two years suspended and one year of probation. On appeal, Croom challenges his sentence in two respects: (1) Croom argues that the trial court abused its sentencing discretion by relying on an improper aggravating factor and (2) he claims his sentence is inappropriate.

[2] We affirm.

## Facts & Procedural History

[3] On August 17, 2016, then eleven-year-old T.C. was at his grandmother's house with his thirteen-year-old sister, R.C., and a few others. Croom, T.C.'s uncle, was also present. At some point, Croom became angry with T.C. for recording him on his cell phone. When T.C. did not delete the video, Croom hit T.C. with a broom across his arm and side. T.C. went outside to get away from Croom, but Croom followed and hit him again with the broom, this time on his leg. T.C. went back in the house and went into the bathroom. He then called Henry Bennett to come and pick him up. Bennett was T.C.'s uncle, but T.C. referred to him as "father." *Transcript* at 27.

[4] Bennett picked T.C. up, and after they drove away, T.C. told Bennett that Croom had hit him with a broom. T.C. then realized he left his phone at his grandmother's house, so Bennett took him back so he could retrieve it. Before T.C. exited the car, Croom approached and shook T.C. by the shoulders.

Bennett told Croom to keep his hands off of T.C. Bennett then got out of the car and he and Croom began arguing near the front of Bennett's car. The altercation turned physical, with Bennett and Croom pushing each other and exchanging a series of punches. During the altercation, Bennett stumbled backwards and fell, hitting the back of his head on the concrete porch. T.C. attempted to intervene by jumping on Croom's back, but Croom pushed him away.

[5] After Bennett fell to the ground, Croom picked up a brick and threw it at Bennett's feet before hitting Bennett in the head with other objects located nearby, including a stove rack, a milk crate, and a grill cover. Croom also kicked Bennett in the head multiple times. T.C. again tried to stop Croom from hitting Bennett with the various items, but Croom "got angry" and started hitting T.C. *Id.* at 42. T.C. suffered a "closed blow-out fracture" of the left orbit, i.e., a broken eye socket. *Id.* at 55. T.C. tried to call 911, but Croom grabbed his phone and threw it on the ground. He also took Bennett's phone and another one nearby. When the police were called by someone else, Croom left. Croom returned briefly to see if Bennett was still alive, but then left again before the ambulance arrived. R.C. was outside on the porch and witnessed the entire altercation between Croom and Bennett. Bennett never regained consciousness, and ultimately died from the injuries he sustained. Following an autopsy, it was determined that Bennett's cause of death was "[m]ultiple blunt force injuries, primarily to the head and the neck." *Id.* at 129.

[6] On August 23, 2016, the State charged Croom with Count I, murder, a felony; Count II, battery resulting in serious bodily injury to a person less than fourteen years old, a Level 3 felony; and Count III, aggravated battery as a Level 3 felony. A two-day jury trial commenced on August 21, 2017. At the conclusion of the evidence, the jury found Croom guilty on Count I of the lesser included offense of reckless homicide, a Level 5 felony, and Count II, but acquitted him of Count III. Following a sentencing hearing on September 20, 2017, the trial court sentenced Croom to consecutive terms of six years on Count I and sixteen years with two years suspended and one year of probation on Count II. Croom now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

### 1. Abuse of Discretion

[7] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id*. at 490 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3)

entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. at 490-91.

[8] A single aggravating factor can support enhanced sentences. *See Willey v. State*, 712, N.E.2d 434, 446 (Ind. 1999) (stating that a single aggravating circumstance may be sufficient to support an enhanced sentence). Although material elements of the crime may not be considered as aggravating factors at sentencing, the particularized circumstances of the elements properly may be considered as such. *See, e.g., McElroy v. State*, 865 N.E.2d 584, 598-99 (Ind. 2007); *Scott v. State*, 840 N.E.2d 376, 382 (Ind. Ct. App. 2006). If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

[9] The trial court identified as aggravating factors Croom's history of criminal and delinquent behavior, that Croom recently violated a condition of probation and pre-trial release, that his sentence in a prior case had been revoked, that T.C. was eleven years old, that Croom committed the violent crime in the presence of another child, and that the victims of the offenses were family members. The sole mitigating factor identified by the court was that Croom's absence would be a hardship on his dependents.

[10] Croom argues that the trial court improperly considered T.C.'s age as an aggravating factor because his age is an element of the battery resulting in serious bodily injury conviction. *See* Ind. Code § 35-42-2-1 (providing that the offense of battery is a Level 3 felony "if it results in serious bodily injury to a person less than fourteen (14) years of age"). Aside from this argument, Croom does not challenge the other aggravating factors identified by the trial court. While Croom's history of criminal and delinquent behavior is not terribly serious, it is indicative of a person that has an anger control problem. Croom has been consistently involved with the criminal justice system since he has been an adult, committing new crimes and violating terms of probation and pre-trial release. The trial court emphasized the fact that Croom committed these acts of violence against family members and in the presence of a child other than T.C. Even if we assume that the trial court abused its discretion considering T.C.'s age as an aggravating factor, we are confident the court would have imposed the same sentence in any event. *See Anglemyer*, 868 N.E.2d at 491.

## 2. Appropriateness

[11] Croom next argues that his sentence is inappropriate in light of his character and the nature of his offense. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Alvies v. State*, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009) (citing *Anglemyer*, 868 N.E.2d at 491). This appellate authority is

implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Anglemyer*, 868 N.E.2d at 491. Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The appellant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). "The principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014). Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[13] To assess the appropriateness of a sentence, we look first to the statutory range established for the classification of the relevant offense. A Level 5 felony has a sentencing range of one to six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6. A Level 3 felony has a sentencing range of six to twenty years, with the advisory sentence being ten years. I.C. § 35-50-2-5.

[14] With respect to the nature of the offense, we think the trial court properly characterized the situation as a "vicious attack" that "went beyond anger and into rage." *Id.* at 221. After Bennett fell to the ground, Croom picked up a brick and threw it toward Bennett's feet. He continued his attack as Bennett was lying unresponsive on the ground by hitting Bennett with various objects that were in the area, including a stove rack, a milk crate, and a grill cover, as well as by kicking Bennett in the head numerous times. When T.C. tried to intervene, Croom hit him in the left eye, fracturing his eye socket. When police were called, Croom walked away. Further, we note that the crime was committed in front of two minor children to whom Croom was related. The nature of the offenses does not lead us to conclude that the sentence imposed is inappropriate.

[15] Turning to Croom's character, we note Croom's history of criminal and delinquent behavior. As a juvenile, Croom accumulated seven referrals that resulted in true findings for resisting law enforcement, criminal mischief, and theft. As an adult, Croom has been arrested twelve times, resulting in convictions for driving while suspended, conversion, and battery resulting in bodily injury. Croom has pending charges for felony and misdemeanor

offenses, including battery with moderate bodily injury, domestic battery, and possession of marijuana. He was on pre-trial release when he committed the instant offenses. Croom's criminal history indicates that he has anger management issues and is unable to control his actions. He has been provided several opportunities to turn his life around, but none have proved successful. He has previously been afforded the leniency he now requests, but such did not reform his behavior. To the contrary, Croom's criminal behavior has escalated, ultimately resulting in Bennett's death. Croom's history does not reflect positively on his character.

[16] In light of the nature of the offense and the character of the offender, we cannot say that the aggregate twenty-two-year sentence, with two years suspended and one year of probation, is inappropriate. We, therefore, affirm the sentence imposed.

[17] Judgment affirmed.

[18] Najam, J. and Robb, J., concur.